UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARRETT WADE SWANIGAN,

       Petitioner,                      Civil No. 11-11833
                                                    Honorable Patrick J. Duggan

v.

STEVEN RIVARD,

       Respondent,
_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

Petitioner Jarrett Wade Swanigan ("Petitioner"), a Michigan Department of Corrections' prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an opinion and order entered October 31, 2012, this Court concluded that Petitioner is not entitled to habeas relief. Presently before the Court is Petitioner's motion for reconsideration, filed November 13, 2002.

In his motion, Petitioner challenges only the Court's statement in its adjudication of his Sixth Amendment claim related to a line-up that "[b]ecause Petitioner had not yet been formally charged with any crime when there was the attempt to conduct a lineup in the case, there was no violation of his Sixth Amendment right to counsel." (ECF No. 11 at 11.) Petitioner points out that he was represented by counsel when he was asked to participate in a live line-up. (*See* 6/30/04 Trial Tr. at 169.) Petitioner states in his motion

for reconsideration that he was formally arraigned on the charges on February 13, 2004, and was approached at later dates for an interview and to stand in a physical line-up. (Pet.'s Mot. ¶ 6.)  This, however, does not change the outcome with respect to his claim.

As this Court stated in its October 31, 2012 decision: "Because the Fifth Amendment is not implicated by a criminal defendant's appearance in a lineup, evidence of a defendant's refusal to appear in a lineup does not violate his right against self-incrimination." (ECF No. 11 at 10, citing *O'Brien v. Wainwright*, 738 F.2d 1139, 1143 (11th Cir. 1984).)  Thus, regardless of whether Petitioner already had been arraigned, his rights were not violated when he was asked to participate in the lineup or when the sergeant commented at trial on his refusal to do so.  Moreover, Petitioner's trial counsel opened the door to the admission of this evidence when she attempted during her cross-examination to show that the police had conducted a less than thorough investigation and a flawed photo lineup.  (6/30/04 Trial Tr. at 157-60.)

During his testimony, the sergeant also referred to his attempt to interview Petitioner and Petitioner's refusal to be interviewed.  (6/30/04 Trial Tr. at 159.)  Even if the admission of this evidence was improper, the comment was too fleeting to have had a substantial and injurious effect on the jury's verdict.

For the above reasons, Petitioner fails to demonstrate a palpable defect in the Court's October 31, 2012 decision sufficient to warrant a different outcome with respect to his petition for the writ of habeas corpus.  The Court does not believe that reasonable jurists would debate its adjudication of Petitioner's motion for reconsideration and thus

declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for reconsideration is **DENIED** and a certificate of appealability will not issue.

Dated: December 20, 2012                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Jarrett W. Swanigan, #503492
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

AAG Laura Moody